IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES KEN ANDERSON
ADC #99355                                                                                         PLAINTIFF

V.                              CASE NO. 5:11CV00258 JLH/BD

RAY HOBBS, et al.                                                                              DEFENDANTS

## ORDER

Separate Defendants Anderson, York, and Ware have moved for the Court to reconsider its order instructing Defendants to provide copies of Mr. Anderson's medical records from Arkansas Urology. (Docket entry #230) In their motion, these Defendants complain that they have not been afforded an adequate opportunity to respond to two of Mr. Anderson's motions for copies of his medical records. Defendants further suggest that this Court has been involved in improper *ex parte* communications with Mr. Anderson. The motion for reconsideration (#230) is GRANTED, and the Court will permit Defendants to respond to Mr. Anderson's request to see his medical records.

With that said, the Court must address the other issues raised in the Defendants' motion. As an initial observation, if Defendants have reason to believe this Court has proceeded in an unethical manner in this case, the proper course for them would be to file an ethics complaint with the Eighth Circuit Court of Appeals. It is not appropriate, however, for Defendants to include thinly veiled accusations of judicial misconduct in a motion for reconsideration, lest it appear that they are attempting to improperly influence or intimidate the Court.

Due to the volume of papers filed in this case, the Court has intentionally ruled swiftly on each motion in an effort to promote judicial economy and, frankly, to ease the Defendants' burden of having to respond to motions that raise irrelevant matters and motions that are facially without merit. Where the Court deems a response unnecessary, a decision is rendered without delay. In their motion the Defendants complain that they were not given time to respond to *two* of Mr. Anderson's motions,[1] but they are apparently undisturbed that the Court has *denied* many of Mr. Anderson's multiple motions "for order" without requiring or waiting for Defendants to respond.

Defendants also purport to be "troubled" that the Court transmitted Mr. Anderson's own medical records to him without notifying them that the records had been sent. (#230, p. 3) As counsel well knows, these were the very medical records *that Defendants had sent to the Court*. Surely Defendants knew, after the Court ordered them to submit Mr. Anderson's medical records, that the records would be sent to Mr. Anderson. In their motion, Defendants inexplicably express dismay that no subpoena was issued for the medical records. Obviously, no subpoena was issued because counsel for Defendants had *already provided the medical records* to the Court.

Next, Defendants imply that this Court has engaged in improper *ex parte* communications with Mr. Anderson. This accusation is both disturbing and offensive.

---

[1] In both motions, Mr. Anderson sought copies of his own relevant medical records in a case alleging deliberate indifference to serious medical needs.

Counsel acknowledges, as she must, that a stop-docket order has been entered in this case. That means, by definition, that the Court reviews every document that Mr. Anderson sends to the Court *before it is filed* to determine *whether it should be filed.* Each week since the stop-docket order was entered, the Court has returned at least one document to Mr. Anderson, rather than directing that it be filed, thus alleviating the burden on Defendants to sift through and respond to lengthy irrelevant papers.

The Court assumes counsel knows the difference between proper and improper *ex parte* communications. But to review: Cover letters from staff attorneys returning *rejected, unfiled papers* to prisoner-plaintiffs do not touch on the merits of the case and ordinarily are not sent to defendants. While they are sent *ex parte*, they are not *improper ex parte* communications because they are not substantive. Even so, copies of all transmittal letters are retained in a file in the Clerk's Office. Counsel are free to peruse those cover letters at any time during the Clerk's regular office hours.

Other than not having the chance to object to providing Mr. Anderson with his own medical records and not receiving transmittal letters returning papers to Mr. Anderson, it is unclear exactly what Defendants seek. Do they want copies of all transmittal letters returning *unfiled, irrelevant* papers to Mr. Anderson? Do they want copies of the rejected papers? Do they want the stop-docket order lifted?

In the light of the tone and offensive suggestion of Court improprieties in Defendants' motion, the Court will consider recommending that Judge Holmes lift the

stop-docket order so that there is no question that Defendants receive and review each and every paper Mr. Anderson sends to the Court, whether or not relevant to the issues in this case.

Meanwhile, Defendants have fourteen days to respond to Mr. Anderson's two motions for order to file a supplemental pleading (#226 and #231), in which he seeks more of his medical records.

IT IS SO ORDERED this 6th day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE